COLEMAN NAT. BANK v. FUTCH, Sheriff, et al.

(Court of Civil Appeals of Texas. Austin. March 27, 1912.)

SHERIFFS AND CONSTABLES (§ 47*)—COMPENSATION—CUSTODY OF PROPERTY.

Rev. St. 1895, art. 1340, provides that on foreclosure an order of sale shall issue to the sheriff as in case of an execution; article 2356 provides that an officer levying an execution may retain out of the proceeds of personal property sold all reasonable expenses; and article 4871 provides that the officer retaining the custody of property under a writ of sequestration shall be entitled to compensation and all reasonable charges therefor, to be determined by the judge from whose court the writ issued, and to be taxed in the bill of costs, etc. *Held*, a court might properly allow a sheriff compensation in a proceeding against him to recover money collected by him under an order of sale, in which the sheriff filed an answer, claiming compensation for taking care of live stock levied on, which was equivalent to a motion to retax costs.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 72–74; Dec. Dig. § 47.*]

Appeal from Coleman County Court; T. J. White, Judge.

Motion by the Coleman National Bank to compel W. L. Futch, as sheriff, and others, to pay over money collected under an order of sale. From a judgment for defendants, plaintiff appeals. Affirmed.

Snodgrass & Dibrell, for appellant. Weatherred & McDaniel, for appellees.

KEY, C. J. This proceeding was a motion against a sheriff for alleged failure to pay over to appellant certain money collected by him under an order of sale, and was decided in favor of the sheriff.

It may be conceded, as contended by appellant, that, under the terms of the judgment upon which the order of sale was issued, appellant was entitled to the money referred to; but the sheriff in his answer claimed that he was entitled to it as compensation for taking care of certain live stock levied upon by him under a writ of sequestration which had been sued out by the original plaintiff, and he asked the court to make an order allowing him such compensation. That request was equivalent to a motion to retax the costs, which the court had the power to do. The court, in effect, granted that motion by approving the sheriff's expense account, and that action was correct and prop-

er. R. S. arts. 1340, 2356, and 4871. After the court granted the sheriff's request, and retaxed the costs as stated, appellant was not entitled to have the money held by him paid over to it; and whether or not it would be entitled to any relief, as against the original plaintiff who sued out the distress warrant, we are not called upon to decide in this proceeding.

Judgment affirmed.